## JOHN WILTS v. MULHALL BROTHERS, Appellants.

**Interpretation of Ambiguous Contract: EVIDENCE.** Mulhall Bros.
recovered judgments against claimant. They arranged to have
him deed some land on which their judgments were liens to
a stranger who assumed all liens. Another judgment, also a lien
on the land, was obtained against plaintiff by one Wilts. Mulhall
Bros. agreed by a writing to *"release* all personal judgments and
liens of record against the land, only, as more fully shown" by an
exhibit which merely set out certain mortgages and judgments
held by Mulhall Bros. against plaintiff. It also provided that all
liens and judgments were to remain a lien. Plaintiff paid off the
Wilts judgment and sought to recover therefor, on said contract,
at law. *Held,*

   a.  The contract did not cover the Wilts judgment.

   b.  The clause *releasing* plaintiff from all personal judgments
and liens is, apparently, a limitation upon the clause that
all judgments should remain liens.

   c.  The contract was so ambiguous as that Mulhall Bros. should
have been allowed to show that the grantee had received a
release of the Wilts judgment before they signed said con-
tract, and that they knew this before signing.

LADD, J., took no part.

*Appeal from Sioux District Court.*—HON. SCOTT M.
LADD, Judge.

## WEDNESDAY, MAY 26, 1897.

ACTION at law to recover an amount claimed to be
due by reason of an alleged breach of contract. There
was a trial by the court without a jury, and a judgment
for the plaintiff. The defendants appeal.—*Reversed.*

*Argo, McDuffie & Reichman* for appellants.

No appearance for appellee.

ROBINSON, J.—On the eleventh day of August, 1890, the plaintiff and one Huseman, then owners of the southwest one-fourth of section 2 in township 96 north, of range 47 west, entered into an agreement with the defendants, which was reduced to writing, by which, in consideration of a special warranty deed for the land, which the plaintiff and Huseman executed to James P. Mulhall, the defendants relinquished all claims and demands against said grantors, "as shown by an exhibit, marked 'A', " attached to the agreement. The agreement also contained the following: "It is, however, understood that all liens and judgments that may appear against the premises are to remain a lien thereon, but that said parties of the second part [the plaintiff and Huseman] are to be released of all personal judgments and liens only as the same now appear of record against said land." The claims shown by Exhibit A were two mortgages and "also any and all judgments that may have been obtained by Mulhall Bros. against said Wilts and Huseman at the last April term of court held in Orange City, Iowa." On the seventeenth day of April, 1890, one Herman Wilts obtained judgment against the plaintiff, which was of record in Sioux county when the agreement was made, and a part of which was then unpaid. In the latter part of the year, a general execution issued on the judgment, and on the last day of the year the plaintiff paid, in satisfaction thereof, the sum of one hundred and fifty-four dollars and sixty cents. The petition alleges that it was especially agreed between the plaintiff and the defendants, on or about the eleventh day of August, 1890, that the defendants were to pay the balance due on the judgment as part of the consideration of the conveyance to John P. Mulhall; that the agreement so made was a part of the consideration for the conveyance of the land, and that the clause in the written agreement, "to be

released" from all personal judgments, etc., was understood and agreed by the parties to the contract as referring to the judgment specified; that, in consequence of the fact that the contract was prepared at some distance from the county records, the judgment was by mistake not properly described in the writing,—and it is asked that the writing be reformed. The defendants admit the making of the contract upon which the action is founded, and that they have not paid the judgment, and deny all averments of the petition not admitted. The judgment of the district court was for the amount claimed by the plaintiff.

I.  The deed executed to James P. Mulhall by the plaintiff and Huseman contained the following: "And we do hereby covenant to warrant and defend the said premises only against the claims of all persons claiming by, through, or under them, except all liens, judgments, and mechanics' liens, as the same now appear of record in Sioux county, Iowa, against said land, which the said James P. Mulhall hereby assumes to pay." No attempt was made to have the cause tried as in equity, no attempt was made to have the agreement corrected, and no evidence was introduced to show any mistake in it, nor to show any agreement excepting what is contained in portions of different instruments which we have set out, nor was there any other evidence which tended to show that the defendants agreed to pay the balance due on the judgment in question; therefore it is necessary for us to inquire whether the written agreement made it the duty of the defendants to pay it. By that agreement the defendants in terms relinquished "all claims and demands against" the plaintiff and Huseman, "as shown more fully by Exhibit A." That described two mortgages, and, in addition, included all judgments which may have been obtained by the defendants against the

other parties to the agreement at a term of court speci-
fied. The provision, "It is, however, understood that all
liens and judgments that may appear against the
premises are to remain a lien thereon," was, it is prob-
able, for the protection of the defendants, and indicated
plainly that the judgments and other claims referred to
were not to be regarded as satisfied. The provision
which followed, "But that said parties of the second
part are to be released of all personal judgments and
liens only as the same now appear of record against said
land," was not necessarily an undertaking to discharge
the parties referred to from liability on account of the
judgment and other liens on the land. "To release" is
not the same as "to assume," and the defendants had no
right to release the plaintiff and Huseman from their
liability to third persons. The provision does not pur-
port to be an independent undertaking, but may have
been, and we think, from the record submitted to us,
was designed to be explanatory of and a limitation upon
the relinquishment of "all claims and demands," for
which a preceding clause of the agreement has pro-
vided. This view is strengthened by the fact that the
deed to James P. Mulhall required him to assume the
payment of "all liens, judgments, and mechanics' liens"
which then appeared of record in Sioux county against
the land.

II.     The contract in suit is not entirely free from
ambiguity, and we are of the opinion that verbal testi-
mony was receivable to explain some of its provisions.
Three days before it was made James P. Mulhall, who
was not of Mulhall Bros., received from Herman Wilts,
who recovered the judgment in question, an instrument
in the form of a quitclaim deed of the land described,
which recited that it was for the purpose of releasing all
the interest of Herman Wilts in the land acquired by
virtue of his judgment. One of Mulhall Bros. was asked

· to state whether he knew, at the time he signed the contract in suit, that the deed or release of Herman Wilts had been made, but was not permitted to answer the question. We think his answer should have been received. It would have tended to explain the knowledge which the defendants had when they signed the contract, and to have explained the ambiguity in it and the purpose it was designed to accomplish.

III. The district court must have tried the case upon the theory that the contract required the defendants to hold the plaintiff harmless from the judgment in question, and that verbal evidence was not admissible to explain it. In this, as we have seen, there was error, and the judgment of the district court is in consequence REVERSED.

LADD, J., took no part.